UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESTON CRAMER,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO SUPERIOR COURT, et al.,<br><br>Defendants. | No. 2:24-cv-01982-DJC-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2.) |

Plaintiff David Weston Cramer is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 1, 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the court grants Plaintiff's IFP request.

The determination that a plaintiff may proceed IFP does not complete the required inquiry, however. Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

**SCREENING STANDARD**

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires pleadings to include: (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Lopez, 203 F.3d at 1130-31. Nevertheless, if amendment would be futile, no leave to amend need

be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**THE COMPLAINT**

Plaintiff's two-page complaint against Defendants El Dorado Superior Court, El Dorado County, and Auburn Lake Trails HOA is minimal and difficult to comprehend.  It appears that Plaintiff's action arises from a seizure of Plaintiff's property.  Plaintiff alleges "an El Dorado County Sheriff's deputy" "made an unlawful seizure of Plaintiff's property" and that while investigating the incident the El Dorado County Sheriff's Deputy "would not get out of his car" "to verify the stolen property had been on the Plaintiff's property."  (ECF No. 1 at 2.) Plaintiff further alleges that El Dorado County employees "made multiple false statements while investigating the incident." (Id. at 3.)  Plaintiff asserts a "Placer County Superior Court judge, in violation of the due process clause, denied Plaintiff's claim to his property by incorrectly concluding the property had no value and he could not prove what cause the tumor in his dog's toe" and that the Auburn Lake Trails "cited and followed the Superior Court ruling."  (Id.)  As a basis for federal court jurisdiction, Plaintiff asserts a civil rights violation pursuant to 42 U.S.C. § 1983.  (Id. at 2.) As relief, Plaintiff request $333,000 "plus legal fees and any damages the Court finds reasonable."  (Id. at 3.)

**ANALYSIS**

"[M]unicipalities and other local government units ... [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. Here, to assert municipal liability against Defendant El Dorado County, Plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. In the current complaint, Plaintiff fails to identify any custom or policy of the El Dorado County which resulted in the alleged constitutional deprivation.  Accordingly, Plaintiff has not properly plead a § 11983 claim against the El Dorado

County.

Additionally, Plaintiff brings this action against the El Dorado Superior Court. However, Plaintiff cannot state a claim under § 1983 against the El Dorado Superior Court. Superior courts are arms of the state for purposes of the Eleventh Amendment. Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003). As such, superior courts are entitled to Eleventh Amendment immunity. Id.; see also Greater L.A. Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). As such, Plaintiff's claims against the El Dorado Superior Court are barred.

Lastly, as to the remaining defendant, Plaintiff fails to show that Defendant Auburn Lake Trails HOA acted under the color of state law. Private action, no matter how wrongful, is not actionable under § 1983. See Holly v. Scott, 434 F.3d 287, 291-92 (4th Cir. 2006); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Thus, private parties do not generally act under color of state law for purposes of 42 U.S.C. § 1983. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). If Plaintiff chooses to amend, he must state more than conclusory allegations against Defendant Auburn Lake Trails HOA, who appears to be a private party. See Simmons, 318 F.3d at 1161 (conclusory allegations insufficient to consider a private party a state actor for purposes of § 1983); Price v. Hawaii, 939 F.2d 702, 707–09 (9th Cir. 1991) (same).

**LEAVE TO AMEND**

In light of Plaintiff's self-represented status, and because it is at least conceivable that Plaintiff could allege additional facts to potentially state a claim for relief, the court finds it appropriate to grant Plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up). If Plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "First Amended Complaint" and shall cure the jurisdictional defects explained above.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make Plaintiff's first amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, although failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, nothing in this order requires Plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Within **30 days** of this order, Plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action; and
3. Failure to file either a first amended complaint or a notice of voluntary dismissal by this deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: September 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, cram1982.24